574 P.2d 39

Dennis BELL, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, John P. Collins, Judge of the Juvenile Court, PIMA COUNTY ATTORNEY of the State of Arizona, Respondents, and Real Party in Interest.

No. 2 CA-CIV 2725.

Court of Appeals of Arizona, Division 2.

Oct. 27, 1977.

Rehearing Denied Dec. 8, 1977.

Review Denied Feb. 1, 1978.

Law Offices Erik M. O'Dowd by Bruce A. Burke, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by Clinton R. Stinson, Deputy County Atty., Tucson, for respondents and real party in interest.

## OPINION

RICHMOND, Judge.

Is a juvenile detained while awaiting adjudication of a delinquency charge entitled to bail and a probable cause hearing? Although we deny relief because the question has become moot as to petitioner, whose adjudicatory hearing was scheduled for October 18, 1977, we assume jurisdiction to answer it as one of statewide concern that is likely to recur.

Petitioner was arrested by Tucson police officers on September 30, 1977, and immediately transported to the Pima County Juvenile Court Center. The "receiving form" used to process petitioner into the juvenile center recited that the referral was for the offense of possessing stolen property. On October 3, 1977, while he was still in detention, the state filed a formal petition alleging that petitioner was a delinquent child in that he had violated the law as follows:

"(RECEIVING STOLEN PROPERTY)

"On or about the 30 day of September 1977, DENNIS BELL bought, sold, possessed, concealed, or received stolen personal property, valued at $100, or more, to wit: four Mag wheels and tires; one car seat, all in violation of A.R.S. § 13–621, as amended, 13–1645, and 13–1647, as amended."

The following day petitioner, his mother, and his attorney appeared before a juvenile court referee at a detention hearing. No evidence was presented as to the alleged delinquent act. Petitioner requested a probable cause hearing and that bail be fixed in a reasonable amount. The requests were denied and the referee recommended that petitioner be detained because he lacked custodial supervision, would be a danger to himself or others if released, and might not be present for trial. The recommendation was appealed to the juvenile court judge and the matter was heard the same day. Petitioner, by counsel, requested the court to order the state to produce forthwith evidence of the alleged crime, receiving stolen property, so as to establish probable cause for detaining him, and that bond be set in a reasonable amount. The court ruled adversely to petitioner and found that it was not required to hold a probable cause hearing or set bond in a reasonable amount.

■ The Rules of Procedure for Juvenile Court, A.R.S. 17A, contain no provision for

release on bail. Rule 3(b), however, sets forth the only conditions for detention:

"A child shall be detained only if there are reasonable grounds to believe:

"(1) That otherwise he will not be present at any hearing; or

"(2) That he is likely to commit an offense injurious to himself or others; or

"(3) That he must be held for another jurisdiction; .or

"(4) That the interests of the child or the public require custodial protection."

Unless the situation falls within one of these specified categories, release from custody is mandated. It is unnecessary to reach the question of whether there is a constitutional right to bail in juvenile proceedings. When Rule 3(b) is applied consistent with the requirements of due process, an adequate substitute for bail is provided. *Fulwood v. Stone,* 129 U.S.App.D.C. 314, 394 F.2d 939 (1967); *Baldwin v. Lewis,* 300 F.Supp. 1220 (E.D.Wis.1969), reversed on other grounds 442 F.2d 29 (7th Cir. 1971); *In re M.,* 3 Cal.3d 16, 89 Cal.Rptr. 33, 473 P.2d 737 (1970).[1]

■ We agree with petitioner, however, that pre-trial detention of juveniles without determination of probable cause violates the Fourth Amendment. Several courts have held that a probable cause determination is required if the juvenile is at the risk of being incarcerated before trial. *Baldwin v. Lewis,* supra; *Cooley v. Stone,* 134 U.S. App.D.C. 317, 414 F.2d 1213 (1969); *Moss v. Weaver,* 525 F.2d 1258 (5th Cir. 1976); *People Ex Rel. Guggenheim v. Mucci,* 32 N.Y.2d 307, 344 N.Y.S.2d 944, 298 N.E.2d 109 (1973).

In *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), the United States Supreme Court held that arrest and deten-tion under a prosecutor's information violated the Fourth Amendment because of failure to afford a probable cause determination by a magistrate. The court noted:

". . . [A] policeman's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of crime, and for a brief period of detention to take the administrative steps incident to arrest. Once the suspect is in custody, however, the reasons that justify dispensing with the magistrate's neutral judgment evaporate. There no longer is any danger that the suspect will escape or commit further crimes while the police submit their evidence to a magistrate. And, while the State's reasons for taking summary action subside, the suspect's need for a neutral determination of probable cause increases significantly. * * * Accordingly, we hold that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest."

95 S.Ct. at 863.

■ The state relies on the requirement in Rule V, Local Rules of Procedure for the Pima County Juvenile Court, that an adjudicatory hearing be held no later than 15 days from the filing of the petition when a juvenile is detained. We do not believe this 15-day requirement obviates the need for a probable cause determination as a prerequisite to detention in addition to the other grounds enumerated in Rule 3(b), Rules of Procedure for Juvenile Court, supra.

We are of the opinion, and so hold, that a finding of probable cause—i. e., of "facts and circumstances, 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an of-

---

1. Petitioner has cited *Kinney v. Lenon,* 425 F.2d 209 (9th Cir. 1970) in support of his position that he was entitled to release on bond. The *Kinney* court, however, did not pass upon the constitutionality of an Oregon statute which prohibited the granting of bail in juvenile cases. It did hold that, in the peculiar circum-stances of the case, failure to permit the juvenile's release for the purpose of aiding the preparation of his defense unconstitutionally interfered with his due process right to a fair trial. The record here does not reflect that this ground for relief was urged to the juvenile

fense,'" *Gerstein,* supra, 95 S.Ct. at 862—is required to justify pre-trial detention of a juvenile.[2] As stated in *Moss v. Weaver,* supra:

> "A finding of probable cause . . . is central to the [Fourth] Amendment's protections against official abuse of power. Pre-trial detention is an onerous experience, especially for juveniles, and the Constitution is affronted when this burden is imposed without adequate assurance that the accused has in fact committed the alleged crime."

525 F.2d at 1260.

The state argues that the philosophy of the juvenile court system to expedite juvenile matters and to afford juveniles special treatment would be subverted by requiring a probable cause hearing. We agree with the state that the Fourth Amendment itself does not require adversary safeguards. We cannot agree, however, that detained juveniles have less Fourth Amendment protection than detained adults in adult felony criminal proceedings. In *Gerstein v. Pugh,* supra, the court indicated that the standard to be applied in determining whether there is probable cause for detention is the same as that for arrest. The court also observed in *Gerstein* that the question of probable cause has for many years been resolved "in a nonadversary proceeding on hearsay and written testimony," 95 S.Ct. at 866, usually in the context of a magistrate's decision whether or not to issue an arrest warrant.

■ In holding that judicial determination of probable cause to believe that an alleged juvenile delinquent has committed an offense is constitutionally required before a juvenile may be detained pending the adjudicatory hearing, we do not believe that a hearing is required in every instance.

The record, whether in the form of affidavit or a description of the circumstances of the offense in the delinquency petition, may suffice to satisfy a detached judicial officer that probable cause does exist. However, the mere filing of a petition in juvenile court charging an act which if committed by an adult would constitute a crime is not a sufficient showing of probable cause for issuance of an arrest warrant, *State v. Redeman,* 6 Or.App. 205, 485 P.2d 655 (1971), cf. *Whiteley v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), and is not sufficient to support an independent judicial determination. *In re Walters,* 15 Cal.3d 738, 126 Cal.Rptr. 239, 543 P.2d 607 (1975).[3]

■ Because no factual materials sufficient to warrant a prudent man in believing that petitioner had committed an offense were presented by sworn statement or otherwise, the state failed to establish a prima facie case of probable cause to detain and petitioner's request for a probable cause hearing should have been granted.

Relief denied solely on the grounds of mootness.

HOWARD, C. J., and HATHAWAY, J., concur.

---

court. We therefore decline to consider the question.

**2.** The tentative draft of the American Bar Association standards relating to interim status of juvenile offenders provides in § 7.6(F):

"At the time of the initial detention hearing, the burden should be on the state to demonstrate that there is probable cause to believe that the juvenile committed the offense charged."

**3.** An excellent discussion may be found in the *Walters* case concerning pre-trial procedure which would satisfy the *Gerstein* probable cause hearing requirement.