Heard January 20, plaintiff-relator discharged
from custody January 22, 1981

## In the Matter of the Application of Donovan Roberts for a Writ of Habeas Corpus,

ROBERTS,
*Plaintiff-Relator,*
*v.*
MILLS,
*Defendant.*

(SC 27462)

622 P2d 1094

Carla Koford, Eugene, argued the cause for plaintiff-relator.

William F. Gary, Deputy Solicitor General, Salem, argued the cause for defendant. With him on the memoranda were James E. Mountain and Virginia Linder, Assistant Attorneys General, Salem.

LENT, J.

**LENT, J.**

This case arises out of proceedings in the Circuit Court of Lane County, Juvenile Department. Plaintiff is a child, 14 years of age, and defendant is the superintendent of Skipworth Juvenile Home in that county. A petition was filed in the circuit court alleging that the child was within the jurisdiction of the juvenile court under ORS 419.476(1)(a), which provides:

"(1) The juvenile court has exclusive jurisdiction in any case involving a person who is under 18 years of age and:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city; * * *"

An order of that court signed by a referee[1] on December 30, 1980, provided:

"AT A HEARING held this date to consider the matter of Detention on behalf of the above named child, the Court, having heard and considered all matters presented relating to the question of Detention, finds it is in the best interests of the child and the community that the following Order be entered;

"NOW, THEREFORE, IT IS ORDERED:

"Frank L. Mills, Jr., Superintendent, Skipworth Juvenile Home, shall have physical custody of the child until further order of the Court."

On January 13, 1981, the child filed a document denying the allegations of the petition which alleged that the child had committed acts described in ORS 419.476(1)(a).

On January 19, 1981, plaintiff filed his petition for a writ of habeas corpus in this court alleging that he was detained in the custody of defendant without having been afforded a judicial hearing on the issue whether there is probable cause to believe he did the acts alleged to bring him within the jurisdiction of the juvenile court under ORS 419.476(1)(a). We issued a writ, Or Const, Art VII (Amend), § 2, and the defendant made his return and produced the plaintiff before this court on January 20, 1981.

---

[1] ORS 419.581 provides for the appointment of referees of juvenile courts, who may hear cases "in the first instance."

The issue is whether the child may be detained by order of a court under ORS 419.577 without a judicial determination that there is probable cause to believe the child committed the acts alleged in the petition pursuant to ORS 419.476(1)(a).

■ Article I, section 9, of the Oregon Constitution[2] and the Fourth Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment,[3] guarantee that no one shall be seized except upon a showing of probable cause for that seizure. Ideally, a seizure should not be permitted without a prior determination by a neutral, detached magistrate that there is probable cause to seize. Practicalities have dictated that seizure may occur without such prior determination, but only if the seizure is supported by probable cause. Where seizure has occurred without the prior determination by a judicial officer, a brief period of detention may necessarily follow until the administrative steps preliminary to judicial scrutiny of the seizure may be taken. To permit any period of detention beyond that, however, requires a prompt judicial determination of probable cause as a prerequisite to extended restraint of liberty following seizure. *See Gerstein v. Pugh,* 420 US 103, 114-115, 95 S Ct 854, 43 L Ed 2d 54 (1975).

It is not disputed that this child is entitled to the protection of those constitutional provisions. The plaintiff contends that the statutory scheme on its face, and as applied to him, does not meet the constitutional requirements. The defendant asserts that the statutes, when

---

[2] Or Const, Art I, § 9, provides:

"No law shall violate the right of the people to be secure in their persons * * * against unreasonable * * * seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing * * * the person to be seized."

United States Constitution, Fourth Amendment:

"The right of the people to be secure in their persons * * * against unreasonable * * * seizures shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing * * * the persons to be seized."

United States Constitution, Fourteenth Amendment:

"Section 1. * * * nor shall any state deprive any person of * * * liberty * * * without due process of law * * *."

interpreted fairly, do satisfy the constitutional provisions in question and that this child was afforded a probable cause determination by the referee prior to the order dated December 30, 1980.

The particular statute with which we are concerned is ORS 419.577. When a child is taken into custody, subsection (3) authorizes the juvenile court to release the child to the custody of a parent or other responsible person, or to order that the child remain in detention or shelter care for a brief period of time until a detention hearing is held.[4] Subsection (5) is as follows:

> "(5) Prior to an adjudication of the merits, the court may order that the child be held or placed in detention only when a petition has been filed alleging that the child is within the jurisdiction of the court by reason of paragraph (a) or (f) of subsection (1) of ORS 419.476 or when the court makes a written finding that the behavior of the child immediately endangers the physical welfare of the child or of another. No child shall be detained as a runaway or because the behavior of the child immediately endangers the physical welfare of the child or another under this subsection for more than 72 hours."

Insofar as this case is concerned, subsection (5), on its face, permits the juvenile court, without any probable cause hearing, to order indefinite detention of the child who is charged with being within the jurisdiction of the court under ORS 419.476(1)(a). Obviously, that procedure would not pass constitutional muster.

Defendant appears to contend that subsection (5) is saved, however, by reading it in conjunction with ORS 419.575(1), which provides:

---

[4] ORS 419.577(3) provides:

"(3) Pending further disposition of the case, the court may release the child to the custody of his parent or other responsibile person or may order that the child remain in detention or shelter care subject to further order. No child shall be held in detention more than 24 hours, excluding Saturdays, Sundays and judicial holidays, except on order of the court nor for more than 48 hours, excluding Saturdays, Sundays and judicial holidays, except on order of the court made pursuant to a hearing on the matter of detention. No child shall be held or placed in detention on order of the court, except pursuant to subsection (5), (6) or (7) of this section."

"(1) The juvenile court of each county shall designate the place or places in the county or at a reasonably short distance outside the county in which children are to be placed in detention or shelter care when taken into temporary custody. A child taken into temporary custody shall be placed in shelter care rather than detention unless the person placing the child in detention has reason to believe that the child will be found to be within the jurisdiction of the court by reason of paragraph (a) or (f) of subsection (1) of ORS 419.476 or the behavior of the child immediately endangers the physical welfare of the child or of another."

We doubt that that statute has any application to this case because of that part of ORS 419.577(3) quoted, supra, in n. 4, which provides:

"No child shall be placed or held in detention on order of the court, except pursuant to subsection (5), (6) or (7) of this section."

Assuming for the sake of argument, however, that ORS 419.575(1) and 419.577(5) are to be read together, the statutory requirement is only that the person placing the child in detention "has reason to believe" that the child has committed the acts alleged to meet the requirements of ORS 419.476(1)(a).[5]

Legislative history of the words "has reason to believe" indicates that the legislative committee which chose those words did so with the purpose of requiring something less than a finding of probable cause. Argument previously made to us by defendant shows that the statutes in question came from Senate Bill 703 introduced in 1975. As introduced, the bill proposed that a child be placed in shelter care rather than detention unless the court had "reasonable cause to believe" that the child would be found to be within the jurisdiction of the court under ORS 419.476(1)(a). The bill was amended, however, to provide the present wording of "reason to believe." The change was made after the Senate Committee on Judiciary heard testimony that the original wording might be interpreted to

---

[5] The words "has reason to believe" present obvious ambiguities which do not require resolution in the case at bar. For example, is the test meant to be objective or subjective? Since the legislature is in session at this writing, perhaps those most concerned with the operation of ORS ch 419 may wish to seek some clarifying amendments.

require "probable cause hearings or preliminary hearings" of the kind afforded adults charged with crimes. See the Minutes of the Senate Committee on Judiciary, March 31, 1975, and the Minutes of the House Judiciary Committee, June 2, 1975.

Defendant has argued to us that a finding of "probable cause" is not necessary to ensure that a juvenile's detention is reasonable, and that it is sufficient if the court finds that it is reasonably likely that the juvenile has committed the acts charged in the petition as meeting the requirements of ORS 419.476(1)(a). Defendant has acknowledged in oral argument on this case that if it is necessary to thwart the constitutional attack on the statutes, we should construe the words to require a finding of probable cause.

■■ This court is committed to the proposition that statutes are to be construed so as to satisfy the constitution unless no other construction is possible. In *State v. Smyth,* 286 Or 293, 296, 593 P2d 1166 (1979), we said:

> "It is, of course, a commonplace that statutes will not be construed to violate constitutional prohibitions unless no other construction is possible. *State v. Harmon,* 225 Or 571, 358 P2d 1048 (1961) and cases there cited. Courts do not readily ascribe to legislators an intention to deprive persons of a right that the constitution guarantees."

Application of that rule here constrains us to hold that ORS 419.575(1) and 419.577(5), assuming they are to be read together, require a judicial finding that there is probable cause to believe that a child has committed the acts alleged to satisfy ORS 419.476(1)(a) prior to ordering detention of the child pending an adjudicatory hearing on the merits of the petition.

We do not hold that such judicial finding be the product of a full adversarial hearing, complete with the right to cross examination and confrontation as occurs upon a trial. *See,* for example, *Gerstein v. Pugh, supra; Moss v. Weaver,* 525 F2d 1258 (5th Cir 1976); and *Bell v. Superior Court in and for Cty. of Pima,* 117 Ariz 551, 574 P2d 39 (1977), for various descriptions of the kind of hearing that is required.

■ As noted above, defendant contends that a probable cause hearing was held in this case. For that contention, he first points to the order of December 30, 1980, which we have quoted in full near the outset of this opinion. We cannot agree that that order suffices to show a judicial finding of probable cause, or even a "reason to believe," that the child committed the alleged acts. The court specifically set forth a finding that "it is in the bests interests of the child and the community" that the child be detained by defendant. That is the only stated finding. Had the referee perceived that his function was to inquire as to probable cause of the truth of the allegations, we believe that his order would have reflected this. We think the only fair conclusion to be drawn from his order is that he envisioned that he was only to satisfy himself, as referee, as to what the best interests of the child and community required.

Since judges and referees of the juvenile departments of the various courts of the state must make a probable cause determination in proceedings under ORS 419.577, they would be well advised to memorialize that determination in the order for detention.

Finally, we turn to the defendant's contention that there was indeed a probable cause hearing on December 30, 1980, prior to the making of the referee's order. We have nothing before us in that respect except a stipulated statement of facts by counsel as to what occurred at that detention hearing. We find that statement insufficient to show that there was a probable cause hearing by the referee. Moreover, we conclude there was no sufficient basis for a finding of probable cause.

It follows that the child must be discharged from defendant's custody insofar as that custody is dependent upon the validity of the court order of December 30, 1980.[6]

It is so ordered.[7]

---

[6] The stipulated facts show that perhaps this child is not entitled to complete liberty. We do not concern ourselves with any claims other than the defendant's claim of the right to detain him under the order of December 30, 1980.

[7] The child, in these proceedings, seeks certain other relief. He moves to intervene in other proceedings pending before the court of a nature similar to this and to be declared a member of a certain class. We deny his motion to intervene and his request to be recognized as a member of the asserted class.

We reserve, for ancillary consideration, his petition for attorney fees as asserted in his petition for a writ of habeas corpus.