In the Matter of
Ronald R. Wick, a child.

## STATE ex rel JUVENILE DEPARTMENT OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

## WICK,
*Appellant.*

(No. 66,527, CA A20910

644 P2d 603

Jenny M. Cooke, Portland, argued the cause and filed the brief for appellant.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Young, Judge, and Roberts, Judge Pro Tempore.

GILLETTE, P. J.

### GILLETTE, P. J.

In this juvenile delinquency proceeding, the child was found to be within the jurisdiction of the court, pursuant to ORS 419.476(1)(a),[1] on the basis of a petition alleging that the child committed an act which would constitute rape in the first degree if he were an adult. The child argues that the court erred by refusing his motion for a jury trial and by denying his motion for a probable cause hearing. We affirm.

The child makes a powerful argument for the right to a jury trial in juvenile proceedings. He acknowledges, however, the Oregon Supreme Court's holding that such a right does not exist. *State v. Turner,* 253 Or 235, 453 P2d 910 (1969). He seeks to distinguish *Turner* on the grounds that it was based solely on the federal constitution.[2] He also points out that, since *Turner,* the courts have chipped away at the traditional notion that juvenile proceedings should be less formal than adult, criminal trials. For example, Oregon courts have held that juveniles are entitled to double jeopardy protection and that juvenile proceedings are probably criminal in nature, *see State ex rel Juv. Dept. v. Knox,* 20 Or App 455, 460-63, 532 P2d 245 (1975), that a juvenile can raise the affirmative defense of mental disease or defect in a delinquency proceeding, *see State ex rel Juv. Dept. v. LJ,* 26 Or App 461, 552 P2d 1322 (1975), and that the public has a constitutional right to access to juvenile court proceedings, *State ex rel Oregonian Pub. Company v. Deiz,* 289 Or 277, 613 P2d 23 (1980).

■  The tenor of the child's argument is that the informality emphasized by the *parens patriae* concept of

---

[1] ORS 419.476(1)(a) provides:

"(1) The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city; * * *"

[2] The court concluded in *Turner* that ORS 419.498(1) (now ORS 419.476(1)(a)) "should be considered constitutional until the United States Supreme Court holds otherwise." In *McKeiver v. Pennsylvania,* 403 US 528, 91 S Ct 1976, 29 L Ed 2d 647 (1971), the Supreme Court held that juveniles have no federal constitutional right to trial by jury.

juvenile law relied on in *Turner* has given way to the goal of assuring that juveniles accused of committing acts that would be criminal if committed by adults and who, if found guilty, are subject to incarceration be accorded full due process rights. As noted, the child's arguments are well stated, but we find no basis upon which we can distinguish the Supreme Court's decision in *Turner,* by which we are bound.

Turning to the child's Oregon constitutional theory, it is true that *Turner* cited the federal constitution alone. However, the Supreme Court at that time was certainly *aware* that it could utilize an Oregon constitutional analysis reaching a different result if it felt the need to do so. It did not. We believe *Turner* is controlling, and any overruling or qualification of its holding must come from the Supreme Court.

■ ■ The child argues next that the court erred in refusing to grant him a probable cause hearing. The child was kept in detention on the basis of unsworn police reports, without an adversary hearing. Independent of whether the child's preadjudication detention was unlawful,[3] he is not entitled to reversal of the juvenile court's ultimate determination. In *Gerstein v. Pugh,* 420 US 103, 95 S Ct 854, 43 L Ed 2d 54, 68 (1975), the Court stated:

"* * * Nor do we retreat from the established rule that illegal arrest or detention does not void a subsequent conviction. *Frisbie v. Collins,* 342 US 519, 96 L Ed 541, 72 S Ct 509 (1952); *Ker v. Illinois,* 119 US 436, 30 L Ed 421, 7 S Ct 225 (1886). Thus, as the Court of Appeals noted below, although a suspect who is presently detained may challenge the probable cause for the confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause. * * * " 43 L Ed 2d 68.

*See also United States v. Crews,* 445 US 463, 100 S Ct 1244, 63 L Ed 2d 537, 547 (1980). The error alleged by the child does not require reversal of the juvenile court's decision on the merits.

---

[3] While a probable cause hearing is required prior to detention of a child pending an adjudicatory hearing, "a full adversarial hearing, complete with the right to cross-examination and confrontation" is not required. *Roberts v. Mills,* 290 Or 441, 447, 631 P2d 1094 (1981).

The court did not err in refusing to grant the child a jury trial. Whether or not the court erred in failing to hold a probable cause hearing, such an error would not require reversal.

Affirmed.