Argued and submitted April 26, affirmed November 10, 1982

# STATE OF OREGON,
*Respondent,*

*v.*

# PHYLLIS CAROL RODINSKY,
*Appellant.*

(No. M066944, CA A22618)

653 P2d 551

Karen L. Fink, Portland, argued the cause for appellant. With her on the brief were James R. Appel, and Merten & Saltveit, P.C., Portland.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals her conviction for failure to obey a police officer, ORS 487.100, a Class C traffic infraction. Our review is *de novo.* ORS 46.340(4). She contends (1) that the initial stop of her vehicle was unlawful and that any subsequent order of the police officer was not a lawful order; (2) that ORS 487.100 is void for vagueness; (3) that the state failed to disclose exculpatory evidence; and (4) that the evidence was not sufficient as a matter of law to sustain the conviction. We affirm.

The arresting officer, who was in uniform and driving a police vehicle, observed defendant drive through a parking lot from one public street to another. There was a sign at the entrance to the parking lot that read "No thru Traffic." He signaled defendant to stop her vehicle. She stopped in the lane of traffic because there were no parking spaces available. The officer stopped his vehicle immediately behind defendant's car. The officer approached her vehicle, told her the reason she had been stopped and asked for her operator's license. He told her to remain in her vehicle, and he went to the police car to run a radio check on her licence. While he was checking her license, defendant came to the police vehicle and began asking the officer a number of questions, including why he was not stopping other vehicles. The officer testified that she became loud and abusive. He requested approximately twelve times that she return to her vehicle. She refused, stating that he had no authority to order her to stay in her car. The officer radioed for another officer to come to witness defendant's conduct. When the second officer arrived, the arresting officer ordered defendant to return to her vehicle. When she refused, she was placed in handcuffs and seated in the police car. The officer issued her a citation for disobeying a traffic sign, failure to show proof of liability insurance coverage and disobeying a police officer.

Before trial the officer learned that the sign had been erected by the parking lot owner and was not an official traffic control sign. The citation alleging disobedience of a traffic sign was dismissed before trial on the officer's request. Defendant was acquitted on the charge of failing to show proof of liability insurance after she

established that she had the requisite coverage. She was found guilty of the charge of disobeying a police officer.

■ ■ Defendant assigns error to the denial of her motion for judgment of acquittal on two grounds. The first is that the stop of her vehicle was unlawful because the sign she allegedly disobeyed was not an official sign and that any subsequent orders of the officer were unlawful. Defendant argues at length that the original stop was unlawful for a number of reasons. However, that analysis is beside the point. Assuming, for purposes of discussion, that the stop was unlawful, the officer nevertheless had authority to order defendant to return to her car. Even if the traffic stop was illegal, that did not immunize her from the consequences of her subsequent conduct and did not deprive the officer of the authority to respond to those actions by appropriate orders. *See State v. Burger,* 55 Or App 712, 639 P2d 706 (1982); *State v. Gaffney,* 36 Or App 105, 583 P2d 582 (1978), *rev den* 285 Or 195 (1979). The lawfulness of the order disobeyed is to be judged independently of the validity of the initial police-citizen confrontation. The court did not err in denying the motion on that ground.

The second basis for the motion was that the statute, ORS 487.100, is vague and that prosecution under a vague statute violates the due process of law. ORS 487.100(1) provides:

"A person commits the offense of failing to obey a police officer if he refuses or fails to comply with any lawful order, signal or direction of a police officer displaying his star or badge and having lawful authority to direct, control or regulate traffic."

■ ■ Defendant argues that the statute is too flexible and does not define what would constitute a lawful order. She contends that it gives an officer unbridled discretion to order a citizen to conform to the officer's personal standards and that a citizen apparently must obey because the order came from a police officer. She sets forth examples of arbitrary orders a police officer might give, such as ordering a stopped motorist to remove his sunglasses or a hitchhiker to wear his back pack a certain way. She also contends the statute is vague in that it does not define the circumstances that would constitute disobedience.

Statutes are to be construed so as to satisfy constitutional requirements when such construction is reasonably possible. *Roberts v. Mills*, 290 Or 441, 622 P2d 1094 (1981); *State v. Smyth*, 286 Or 293, 593 P2d 1166 (1979). ORS 487.100 lends itself to such a construction. We note that the statute is part of the traffic code. By its terms the "lawful order" must be given by a police officer displaying his star or badge and having lawful authority to direct, control or regulate traffic. The statute encompasses only those orders that fall under the officer's general authority to direct, control or regulate traffic. Thus limited, the statute does not subject citizens to an officer's "unbridled power and discretion." The state must establish as an element of the offense that the order allegedly disobeyed related to the officer's authority to direct, control or regulate traffic.

Neither is the term "disobey" flawed with unconstitutional elasticity and subjectivity as defendant suggests. The term has a clear, uncomplicated meaning. To obey means simply to carry out the instruction of the order. To disobey a lawful order requires that the person be aware of the order given by a police officer and refuse to follow it. The motion for judgment of acquital was properly denied.

■ In what is denominated an assignment of error, defendant contends ·that the state failed to disclose exculpatory evidence in violation of her due process right to a fair hearing. This purported assignment of error is based on a document that was not a part of the record made at trial. After trial and after filing the notice of appeal, defendant's counsel submitted a motion to the trial court to augment the record pursuant to ORAP 24.35. In an accompanying affidavit counsel stated that the document had been discovered after the notice of appeal was filed. Counsel asked that it be made part of the record on appeal. Whatever may be the other contours of ORAP 24.35, it does not authorize a party to insert evidence in the appellate record that was not offered or received during the trial court proceedings. We decline to address the assignment based on that document.

■ In her final assignment defendant contends that the evidence is insufficient as a matter of law to support a

finding of guilt. Her principal argument under this assignment is that the state did not prove that the order was a lawful order. Judging the lawfulness of the order independently of the validity of the initial stop, we conclude that it was a lawful order. There was no question that the officer was displaying his badge and was engaged in his general duties to control, direct and regulate traffic. Both vehicles were stopped in the lane of traffic and constituted an impediment to normal traffic flow as long as they remained. The officer was attempting to expedite the investigation and to clear the traffic lane. Defendant persisted in standing near the officer and arguing with him. His numerous orders for her to return to her car related to his duties to control, direct and regulate traffic. Defendant was aware of the orders and consciously chose to disobey.

Affirmed.