767 P.2d 705

JV–114246, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Jesse B. Filkins, Jr., a judge thereof, Respondent Judge,

STATE of Arizona, Real Party in Interest.

No. 1 CA–SA 88–140.

Court of Appeals of Arizona, Division 1, Department D.

Sept. 20, 1988.

Reconsideration Denied Oct. 21, 1988.

Review Denied Feb. 15, 1989.

Dean W. Trebesch, Maricopa County Public Defender by David Katz, Deputy Public Defender, Phoenix, for petitioner.

Thomas E. Collins, Maricopa County Atty. by Lon S. Taubman, Deputy County Atty., Phoenix, for respondent and real party in interest.

## OPINION

FIDEL, Presiding Judge.

This case concerns the probable cause determination in a juvenile delinquency proceeding. We hold that the juvenile court improperly found probable cause for pretrial detention in the allegations of an unsworn police report.

## FACTS

On July 6, 1988, the juvenile was charged with assault and disorderly conduct. The delinquency petition was signed and verified by a deputy county attorney. At an advisory hearing on July 7, 1988, this attorney testified that a police report was his sole basis for filing the petition, that the police report was not signed under oath, that neither he nor any member of the county attorney's staff had interviewed any witnesses, and that he had no personal knowledge of the facts. He additionally testified that this procedure was standard in his office. Based on the verified delinquency petition and the underlying, unsworn police report, the trial court ordered the juvenile detained without right of release pending further disposition of the case.[1]

## DISCUSSION

In *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), the Supreme Court discussed the several probable cause determinations made in the early stages of criminal cases. (1) When arresting a suspect, a police officer must make a preliminary assessment of probable cause. (2) This assessment is reviewed and probable cause redetermined when a prosecuting agency decides to prosecute. (3) Further, "the Fourth Amendment requires a timely

judicial determination of probable cause as a prerequisite to detention." 420 U.S. at 126, 95 S.Ct. at 869, 43 L.Ed.2d at 72. The judicial determination of the propriety of detention is the subject of this case.

In *Bell v. Superior Court*, 117 Ariz. 551, 553, 574 P.2d 39, 41 (1978), Division Two of this court applied *Gerstein* to juvenile proceedings, holding that "pre-trial detention of juveniles without determination of probable cause violates the Fourth Amendment." The probable cause determination mandated by *Gerstein* and by *Bell* is now codified for juvenile cases by Rule 3(b) of the rules of procedure for juvenile court. That rule states, "A child shall be detained only if there is probable cause to believe that the child committed the acts alleged in the petition...." 17B A.R.S.Juv.Ct.Rules of Proc. 3(b).

Rule 3(f) of the rules of procedure for juvenile court provides that "the probable cause determination ... may be based upon the allegations in a verified petition, an affidavit properly executed or sworn testimony." 17B A.R.S.Juv.Ct.Rules of Proc. 3(f). The state contends that, inasmuch as the county attorney supplied a verified petition, the requirements of Rule 3(f) were met. We disagree.

Rule 3(f) requires sworn evidence. Though the evidence may be presented by petition, affidavit, or testimony, these forms share the requirement that the evidence underlying the determination of probable cause be presented under penalty of perjury. The police report presented in this case, which was intended to supply the factual basis for a probable cause determination, did not comply. It was not sworn evidence. The prosecutor's verified petition did not cure its deficiency. The prosecutor attested to no personal investigation; he merely attested to the contents of an unsworn police report in whose preparation he played no part. The prosecutor's petition was built on an inadequate foundation and, accordingly, may not stand.

---

1. We do not have the full record of the advisory hearing before us. The issue as framed by the petitioner and as accepted by the state is whether the verified delinquency petition alone, grounded in an unsworn police report, adequately supported a probable cause determination. We address the issue as framed.

Because the juvenile had no remedy by appeal from an improper detention, we have accepted special action jurisdiction and have directed the trial court by previous order to promptly release the juvenile or make a new, properly grounded determination of probable cause.

KLEINSCHMIDT and JACOBSON, JJ., concur.