821 P.2d 1124 (1991)
110 Or.App. 314
In the Matter of Ryan Howard Dubois, a Male Child.
STATE ex rel. JUVENILE DEPARTMENT OF WASHINGTON COUNTY, Respondent,
v.
Ryan Howard DUBOIS, Appellant.
J89-0333; CA A67875.
Court of Appeals of Oregon.
Argued and Submitted October 11, 1991.
Decided December 18, 1991.
*1125 Timothy P. Dunn, Aloha, argued the cause and filed the brief for appellant.
Richard D. Wasserman, Asst. Atty. Gen., Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Atty. Gen., and Virginia L. Linder, Sol. Gen., Salem.
Before BUTTLER, P.J., and ROSSMAN and DE MUNIZ, JJ.
BUTTLER, Presiding Judge.
Child appeals an order of the juvenile court revoking his probation that was imposed after a previous finding that he was within the jurisdiction of the court. The court found that he had unlawfully possessed a firearm, ORS 166.250, a Class A misdemeanor, and committed him to a juvenile training school.
The facts are not disputed. McNamee, Campus Supervisor at Aloha High School, overheard two students, whom she believed to be "good" students, speaking to each other concerning a rumor that there was a gun on campus. She questioned the students, and one of them told her that child, also a student, had been in possession of a gun the day before. McNamee brought the students to Heeter, the Student Supervisor. Heeter promised the students anonymity and, after questioning them, learned that they had seen child on campus with a gun the day before. Heeter reported that information to Venetz, the vice principal, who was aware that child had had weapons on campus in the past. He requested that Heeter bring child to his office. When child and Heeter arrived at Venetz' office, but not in Venetz' presence, Heeter asked child to empty his pockets and to give her the "fanny pack" that he was wearing; child complied. When Heeter held the fanny pack, she could tell immediately that there was a gun in it. She opened it and removed a loaded handgun, some bullets and marijuana.
Child contends that, because public school employees are public officials, the initial search of the fanny pack was subject to the requirements of Article I, section 9, of the Oregon Constitution and the Fourth Amendment and that the court erred in denying his motion to suppress the evidence obtained as a result of the search, because there was no search warrant and no probable cause to believe that it contained contraband. The state acknowledges *1126 that both the Fourth Amendment and Article I, section 9, are applicable to searches of students by public school officials and that juveniles are entitled to protection under those sections. It argues, however, that the warrant requirement is inapplicable in the school setting, because school officials may search a student on campus if they have a "reasonable suspicion," rather than probable cause, to believe that a student possesses contraband.
There are no Oregon cases deciding the question; the cases cited by the state regarding searches incident to civil detoxification holds under ORS 426.460 are of no assistance. The state's position with regard to the Fourth Amendment is supported, however, by a decision of the United States Supreme Court. In New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985), a teacher discovered a student in the restroom smoking a cigarette. Because that violated a school rule, the teacher took the student to the office of the assistant principal. The student denied that she had been smoking, but the assistant principal demanded to see her purse. When he opened it, he discovered a pack of cigarettes, rolling papers, marijuana and a pipe. He delivered the items to the police, who instituted juvenile proceedings. The student moved to suppress the evidence in the juvenile proceeding, arguing that the search violated the Fourth Amendment.
The Court held that Fourth Amendment protections apply to searches of students by public school officials, the "underlying command" being that the search be reasonable. It held, however, that the school setting was not conducive to application of the warrant requirement because of the need for prompt and informal discipline and the need to maintain safety in the schools. Further, the Court held that the same considerations justified relaxing the probable cause standard that would otherwise be applicable. In determining the degree of suspicion necessary to validate the search, the Court balanced the state's need to search against the student's legitimate expectation of privacy. It held that the state's substantial interest in maintaining discipline and security in the school environment, which depends on informal and flexible disciplinary procedures, weighed against application of the probable cause standard and justified a more flexible "reasonableness" standard. The inquiry, it said, is whether the search was reasonable under all of the circumstances.
The first question to be addressed in evaluating a warrantless search of a public school student on campus under the Fourth Amendment is whether the action was "justified at its inception." If it was, the court must then inquire whether the search was reasonably related in scope to the circumstances that justified the interference. The Supreme Court applied the reasonableness test and concluded that the search of the student was justified, because of her smoking and the assistant principal's "common sense" conclusion that she might possess cigarettes in violation of school rules.
Here, the trial court found that Heeter "had more than reasonable suspicion" to believe that child was carrying a gun and that he was therefore violating school policy and state law. It found, further, that she conducted a search of child "for purposes of her own safety and the safety of the student body." We agree with the trial court that the search was valid under the Fourth Amendment.
The question remains whether the search was valid under Article I, section 9. Initially, we hold that the protections of section 9 are applicable to searches of public school students by school officials on campus. That provision applies generally to juveniles, Roberts v. Mills, 290 Or. 441, 444, 622 P.2d 1094 (1981), and they do not lose its protection when they attend public schools. There is no precedent in Oregon for a balancing of interests approach in determining whether the warrant requirement applies. Generally, the failure to obtain a warrant may be excused only if the circumstances fit within one of several recognized exceptions. Here, child concedes that there were exigent circumstances justifying a warrantless search, because of the possible presence of a gun on school grounds and the school's responsibility to protect students' safety. We accept the concession.
*1127 We need not decide in this case, however, whether that consideration avoids the probable cause requirement imposed by Article I, section 9, so as to permit a full scale search of a public school student on campus on less than probable cause. Assuming that probable cause was required, we conclude that the collective knowledge of the school authorities gave them probable cause to believe that child was in possession of a gun. The two students who reported that they had seen child with a gun the day before and had heard that he had one on campus on the day in question were known to be "good," reliable students. Heeter testified that, in her 8 years of experience as a public school teacher, "if a student carries a gun one day or a knife or something of that nature, oftentimes they'll [sic] bring it back to school." Child was known to the vice-principal to have had weapons on campus before. Those facts gave school officials probable cause to believe that he was carrying a gun. Because there were exigent circumstances, the warrantless search was permissible.
Affirmed.