## In the Matter of
## Calvin Jackson, a Child.

## STATE ex rel JUVENILE DEPARTMENT
## OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

## Calvin JACKSON,
*Appellant.*

## (8807-81840; CA A71518)

858 P2d 158

Angela Sherbo, Portland, argued the cause and filed the brief for appellant.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Jenny Cooke, Portland, Martha Bergmark, Washington, D.C., Alice Bussiere, David Lambert, Mark I. Soler, and Susan L. Burrell, San Francisco, filed a brief *amicus curiae* for National Legal Aid and Defender Association, Oregon Criminal Defense Lawyers Association and Youth Law Center.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

In this juvenile delinquency proceeding, child was found to be within the jurisdiction of the court, pursuant to ORS 419.476(1)(a),[1] for committing an act that would constitute sexual abuse in the first degree, ORS 163.427,[2] if he were an adult. He contends that the court erred in denying his request for a jury trial, in admitting into evidence a videotape of an interview between the victim and a social worker, and in finding that he sexually abused the victim. We affirm.

Child's eleven-year-old cousin alleged that he had sexual contact with her. Child was charged in juvenile court with the equivalent of rape in the first degree, ORS 163.375,[3] but the court found that he had committed acts that would constitute the lesser offense of sexual abuse in the first degree if committed by an adult.

We have previously rejected child's argument that, under the Oregon Constitution, he is entitled to a jury trial in a juvenile court proceeding. In *State ex rel Juv. Dept. v. Wick*, 57 Or App 336, 339, 644 P2d 603, *rev den* 293 Or 483 (1982), we noted that *State v. Turner*, 253 Or 235, 453 P2d 910 (1969), had rejected that argument, but erred in commenting

---

[1] ORS 419.476(1)(a) provides:

"(1) The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city."

[2] ORS 163.427 provides, in part:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact and:

"(A) The victim is less than 14 years of age."

ORS 163.305(6) provides, in part:

" 'Sexual contact' means any touching of the sexual or other intimate parts of a person * * * for the purpose of arousing or gratifying the sexual desire of either party."

[3] ORS 163.375 provides in part:

"(1) A person who has sexual intercourse with another person commits the crime of rape in the first degree if:

"* * * * *

"(b) The victim is under 12 years of age."

that *"Turner* cited the federal constitution alone." *Turner* also relied on Article I, section 11.[4] 253 Or at 238. At any rate, our holding in *Wick* remains the law:

> "We believe *Turner* is controlling, and any overruling or qualification of its holding must come from the Supreme Court." 57 Or App at 339.

We decline to modify that conclusion on the basis of child's new citation and Article I, section 17.[5] The trial court did not err in denying child's demand for a jury trial.

■     Child also argues that the videotape of the interview between the victim and a social worker should not have been admitted under OEC 803(4).[6] Hearsay may be admitted under OEC 803(4) only if it meets three requirements:

> "(a)   The statement must be 'made for purposes of medical diagnosis or treatment';

> "(b)   The statement must describe or relate 'medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause [or] external source thereof';

> "(c)   The statement must be 'reasonably pertinent to diagnosis or treatment.' " *State v. Moen*, 309 Or 45, 55, 786 P2d 111 (1990).

---

[4] Article I, section 11, provides, in part:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed * * *."

[5] Article I, section 17, provides:

"In all civil cases the right of Trial by Jury shall remain inviolate."

[6] OEC 801(3) provides:

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

OEC 802 provides:

"Hearsay is not admissible except as provided in Rules 801 to 806 or as otherwise provided by law."

OEC 803(4) provides that, even if the declarant is available, statements are not excluded as hearsay if they are

"made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause [sic] of external source thereof insofar as reasonably pertinent to diagnosis or treatment."

Child argues that the videotape of the interview is inadmissible, because

> "[t]here is no evidence from which the court could conclude that the [victim] knew that the interview was part of her doctor visit or that she was motivated in answering the questions by a desire for medical diagnosis or treatment."

■■ Whether the statement was made for purposes of diagnosis or treatment is a preliminary question of fact for the court to decide. *See State v. Carlson*, 311 Or 201, 211, 808 P2d 1002 (1991); OEC 104(1). The state was required to establish by a preponderance of the evidence that the victim knew that the interview was for the purpose of diagnosis or treatment. *See State v. Carlson, supra*, 311 Or at 213.

■ The evidence showed that the interview and the physical examination took place in the same room. The doctor conducted the exam with the social worker present, and then left the room. The social worker testified that, as standard procedure, she and the doctor greet the patient together, tell the patient that they "see lots of children who have maybe been touched or hurt" and that they

> "are here to just do a checkup to make sure everything's okay and to see if they need any medicine or they need * * * any follow-up, depending upon how their checkup turns out."

That evidence supports the court's conclusion that the alleged victim understood that her interview with the social worker was for the purpose of diagnosis and treatment. *See State v. Logan*, 105 Or App 556, 562, 806 P2d 137 (1991). The court did not err in admitting the challenged statements.

■■ Child contends that the evidence is insufficient to support a finding beyond a reasonable doubt that he committed an act that would constitute sex abuse in the first degree if committed by an adult. The physician reported that the victim

> "has an anal genital examination which would be consistent with the history she gives of having a penis placed inside her vagina on one occasion * * *.
>
> "The examination is significant for the profuse amount of discharge and the decreased amount of hymenal tissue."

Although the victim's testimony is not a model of clarity, the trial court found that child subjected her to sexual contact. The court was not required to accept child's argument that the evidence of sexual contact could only support a finding of rape, not the lesser included conduct the court found. The victim's testimony and the medical diagnosis support the jurisdictional finding. We give deference to the findings of the juvenile court judge "who had the opportunity to observe the witnesses and their demeanor in evaluating the credibility of their testimony." *State ex rel Juv. Dept. v. Jones*, 290 Or 799, 810, 626 P2d 882 (1981).

Affirmed.