93 P.3d 512

**In re OTEL H., Petitioner,**

**v.**

**The Honorable Janet E. BARTON, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**The State of Arizona, ex rel., Richard M. Romley, Maricopa County Attorney, Real Party in Interest.**

No. 1 CA–SA 02–0153.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 30, 2003.

Review Denied June 30, 2003.

As Amended June 30, 2004.

Maricopa County Public Defender by David Katz, Deputy Public Defender, Phoenix, for Petitioner.

Richard M. Romley, Maricopa County Attorney by Linda Van Brakel, Deputy County

---

4.  The court of appeals opinion addressed another issue that was not the subject of this petition for review.

Attorney, Phoenix, for Real Party in Interest.

NOYES, J.

### ORDER

The court has been informed that a copy of an Arizona Traffic Ticket and Complaint that the court had intended to attach to the court's opinion filed in this matter on January 30, 2003, was not included with the copy of the opinion forwarded to West Publishing Company on that date. This opinion was published at 204 Ariz. 212, 62 P.3d 138. On the court's own motion.

IT IS ORDERED directing the clerk of this court to make a copy of the court's original opinion from the court's file and attach to it a copy of the missing exhibit.

The court requests that the opinion be republished as supplemented, and that the publishers' indexing and research systems be configured such that members of the public who researched the status of the court's opinion originally published at 204 Ariz. 212, 62 P.3d 138, are referred to the new citation for the opinion.

### OPINION

¶ 1 A police officer issued Petitioner an Arizona Traffic Ticket and Complaint (the "citation") for "minor consumption alcohol," and released him on his promise to appear in court. The citation contained no description of facts or circumstances; it just contained the officer's signature below printed language stating, "I hereby certify that I have reasonable grounds to believe and do believe that the person cited herein committed the offense described herein contrary to law." The question is whether this certification by the officer, standing alone, supports a judicial finding of probable cause to believe that the accused committed the offense. The answer is "no."

¶ 2 At Petitioner's first court appearance, the State moved that he be taken into custody ("detained") pending his adjudication hearing. Petitioner objected, on grounds that the State had provided nothing from which the court could find probable cause to believe that Petitioner had committed the offense, and, therefore, the court could not legally detain him pending adjudication. The State argued that the court could find probable cause from the face of the citation.

¶ 3 The court found probable cause from the face of the citation, for these stated reasons:

Rule 23(d) of the Rules of Procedure for the Juvenile Court provides that if the charging document is an Arizona ticket and complaint form, which is what we have here, then the complaint shall also serve as an affidavit, so we have an affidavit here saying that the minor consumed alcohol. Based upon those facts the Court finds that there is probable cause to believe that the juvenile committed the acts alleged in the June 10th petition.

After making some other findings that are required by Rule 23(D) and are not at issue in this petition for special action, the court ordered Petitioner detained pending his adjudication hearing, which was scheduled to occur in twenty-two days.

¶ 4 Petitioner filed a petition for special action, asking this court to determine whether the face of this Arizona Traffic Ticket and Complaint supports a judicial finding of probable cause to believe that the accused committed the named offense. Because Petitioner's adjudication hearing was on July 30, 2002, this pre-adjudication detention issue is moot as to him, but we nevertheless accept jurisdiction because the petition raises a constitutional question of statewide importance that is likely to recur, and to evade review, until it is resolved in a published opinion.

¶ 5 As relevant here, Rule 23(D) of the Arizona Rules of Procedure for the Juvenile Court provides as follows:

**D. Detention Hearing.** Probable cause may be based upon the allegations in a petition, complaint or referral filed by a law enforcement official, along with a properly executed affidavit or sworn testimony. If the charging document is an Arizona Ticket and Complaint form, the complaint shall also serve as an affidavit. The affidavit may serve as the oath before a magistrate for purposes of Rule 2.4, Ariz.

R.Crim. P. . . . A juvenile shall be detained only if there is probable cause to believe that the juvenile committed the acts alleged in the referral, petition, or complaint. . . .

¶ 6 That Rule 23(D) requires a finding of "probable cause to believe that the juvenile committed the acts alleged" before the court can order pre-adjudication detention is consistent with well-settled constitutional law. For example, *Bell v. Superior Court,* 117 Ariz. 551, 554, 574 P.2d 39, 42 (App.1977), held that "judicial determination of probable cause to believe that an alleged juvenile delinquent has committed an offense is constitutionally required before a juvenile may be detained pending the adjudicatory hearing." Probable cause requires *"facts and circumstances,* 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.' " *Id.* at 553–54, 574 P.2d at 41–42 (quoting *Gerstein v. Pugh,* 420 U.S. 103, 111, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)) (emphasis added).

¶ 7 In its response to the petition, the State agrees that a judicial finding of probable cause must be both independent and based on sworn evidence, and it acknowledges that Rule 23(D) "obviously was modeled after *Bell* with respect to the probable cause determination." The State does not argue that the "shall also serve as an affidavit" language in Rule 23(D) is intended to lessen the probable cause requirement when the charging document is an Arizona Traffic Ticket and Complaint; the State asserts that this language

simply satisfies the requirement that allegations in the complaint be made under penalty of perjury. It is not a "rubber stamp." The juvenile court must *still* determine whether probable cause exists from the face of the complaint and any accompanying narrative report.

We agree with the State's interpretation of Rule 23(D). We therefore conclude that the juvenile court plainly erred in finding probable cause from the face of this citation.

¶ 8 Petitioner's citation, a copy of which is appended to this opinion, contains nothing but an officer's asserted belief that the accused committed the named offense.

Because a judicial finding of probable cause cannot be based on no more than an officer's asserted belief that the accused committed the offense, *see Aguilar v. Texas,* 378 U.S. 108, 112, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) ("Mere affirmance of belief or suspicion is not enough."), this citation was plainly insufficient to support a judicial finding of probable cause.

¶ 9 Although a citation may establish probable cause if it contains or is accompanied by sufficient sworn facts and circumstances for the court to make an independent finding of probable cause, the citation here was deficient in that regard, and no procedural rule can finesse that constitutional defect. "Whatever procedure a State may adopt, it must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty." *Gerstein,* 420 U.S. at 124–25, 95 S.Ct. 854.

¶ 10 Jurisdiction is accepted and relief is denied solely on the grounds of mootness.

CONCURRING: SHELDON H. WEISBERG, Presiding Judge.

GARBARINO, Judge, dissenting.

¶ 11 The majority accepts jurisdiction and denies relief based on mootness. The adjudication hearing at issue was held prior to consideration of the Special Action Petition by this Court. I agree that the case is moot.

¶ 12 The majority, however, does not stop at that point, but goes on to analyze and conclude that the juvenile court erred by determining that it could find probable cause based solely upon an Arizona Traffic Ticket and Complaint (citation). I disagree. The juvenile court correctly interpreted Rule 23(D) and, in doing so, appropriately found probable cause to believe that Petitioner committed the act alleged in the citation. At this point, it must be reiterated that the juvenile is only questioning the court's finding of probable cause to believe that an offense has been committed.

¶ 13 Rule 23(D) is straightforward and is obviously designed to reduce the work load of an overburdened juvenile court staff. The

rule's practical effect is the elimination of the need for a formal petition in certain juvenile cases, replacing the petition with an officer-generated citation containing almost identical information.

¶ 14 Rule 23(D) provides that "[p]robable cause may be based upon the allegations in a petition, complaint or referral filed by a law enforcement official, along with a properly executed affidavit or sworn testimony." In essence, Rule 23(D) requires a charging document and an affidavit or sworn testimony before the juvenile court may make a finding of probable cause. As the majority acknowledges, Rule 23(D) also provides that *"[i]f the charging document is an Arizona Ticket and Complaint form, the complaint shall also serve as an affidavit.* The affidavit may serve as the oath before a magistrate for purposes of Rule 2.4, Ariz. R.Crim. P." (Emphasis added.) Under Rule 23(D), a citation can serve as both a charging document and an affidavit.

¶ 15 The majority concludes that a "bare bones" citation will not support the finding of probable cause necessary to believe Petitioner committed the act alleged in the citation. As did the juvenile court, I disagree. Indeed, a plain reading of Rule 23(D) mandates the opposite conclusion than that reached by the majority. As the State contends in its Response, and the juvenile court implicitly acknowledged throughout the proceeding, the information contained in a citation is not a "rubber stamp" for a finding of probable cause. No one denies the juvenile court's continuing responsibility to carefully review each citation on a case-by-case basis, to determine whether probable cause has been established.

¶ 16 The citation issued in the instant case identifies Petitioner, the date, the time, the location, Petitioner's mode of transportation, Petitioner's age and address, and the alleged crime and relevant criminal statute. Although it is not as formal as a petition, it contains all of the pertinent information that would have been included in a petition. In addition, the citation is signed by both Petitioner and the issuing officer. The officer's signature appears below the affirmation of her belief that Petitioner "committed the offense described."

¶ 17 The majority also relies on *Bell* to argue that it takes more than the information set forth in a citation to support a judicial finding of probable cause. Rule 23(D) was not in existence at the time *Bell* was decided. Moreover, the fact remains that Rule 23(D) renders a citation both a charging document and an affidavit. Based on the clear language of the rule, I have no alternative but to conclude that the juvenile court did not err by finding probable cause to find that Petitioner committed the act alleged in the citation.

JU141613

498270

(14)

City of Phoenix

MARICOPA COUNTY
**ARIZONA TRAFFIC TICKET AND COMPLAINT**

STATE OF ARIZONA

| COMPLAINT NO. 13004531 | Report No. 20-937106 | ACC | FATAL/SER. PHYS INJURY | CMV | HAZ MAT | Grid |

Driver License Number: NONE | State | Class | Endorsements M H N P T X D | Restriction | Military

DEFENDANT First: OTEL   Middle: ISIAH   Last: HICKS   Social Security No.

| Sex M | Weight 145 | Height 60 | Eyes Bro | Hair Bro | Origin | DOB Mo. 10 Day 24 Yr. 84 | Other ID Type/No. R+1-A3415 |

Residential Address 2244 W. Georgia   Apt #   City/Town PHX   State/Province AZ   Country (if other than U.S)   ZIP 85   Phone No. (602) 433-7748

Business Name/Address   Apt #   City/Town   State/Province   Country (if other than U.S)   ZIP   Phone No. ( )

VEHICLE Year | Make | Model ON HOU | Color | License Plate No. | State | Exp.

The undersigned certifies that the defendant named herein did commit the following:

ON Month 05 Day 22 Year 02 Time 2255 AM/PM | Radar ☐ Yes | Direction | A.C. Reading | Prior No Insurance Conviction W/I 3 Years ☐ Yes | Prior DUI Conviction W/I 5 Years ☐ Yes

**LIST CRIMINAL CHARGE FIRST IF APPLICABLE**

**1** in violation of: 4.244.9  ☒ ARS ☐ City Code  SPEED  Alleged / Lawful
as follows: MINOR CONSUMPTION ALCOHOL (OTEL HICKS 10-24-84)
at location/Intersection: ☐ 1900 W. Coffer St   in Phoenix, Maricopa County, AZ
☐ Civil Traffic (VT) ☐ Criminal Traffic (CT) ☒ Criminal (CR) ☐ Petty Offense (PO)

**2** in violation of:   ☐ ARS ☐ City Code  SPEED  Alleged / Lawful
as follows:
at location/Intersection: ☐   in Phoenix, Maricopa County, AZ
☐ Civil Traffic (VT) ☐ Criminal Traffic (CT) ☐ Criminal (CR) ☐ Petty Offense (PO)

**3** in violation of:   COPY ARS ☐ City Code  SPEED  Alleged / Lawful
as follows: Original Filed On:
at location/Intersection: ☐ JUN 10 2002   in Phoenix, Maricopa County, AZ
☐ Civil Traffic (VT) ☐ Criminal Traffic (CT) ☐ Criminal (CR) ☐ Petty Offense (PO)

**4** in violation of: CLERK OF SUPERIOR COURT ARS ☐ City Code  SPEED  Alleged / Lawful
as follows: JUVENILE CENTER DURANGO FACILITY
at location/Intersection: ☐   in Phoenix, Maricopa County, AZ
☐ Civil Traffic (VT) ☐ Criminal Traffic (CT) ☐ Criminal (CR) ☐ Petty Offense (PO)

**5** in violation of:   ☐ ARS ☐ City Code  SPEED  Alleged / Lawful
as follows:
at location/Intersection: ☐   in Phoenix, Maricopa County, AZ
☐ Civil Traffic (VT) ☐ Criminal Traffic (CT) ☐ Criminal (CR) ☐ Petty Offense (PO)

Additional Complaint/s: ☐ Yes Complaint Number/s:

You Must Appear At: ☐ CITY OF PHOENIX MUNICIPAL COURT 300 West Washington Street Phoenix, AZ 85003-2103 Phone: (602) 262-6421 or TTY (602) 495-0733
☒ BRING ONE PARENT
☒ MARICOPA COUNTY JUVENILE COURT CENTER 3125 West Durango Phoenix, AZ 85009 (602) 506-4500

Your Court Date is: Month 06 Day 19 Year 02 Time 3:30 AM/PM | Victim/s? ☐ Yes ☐ No | Victim/s Notified? (All) ☐ Yes ☐ No ☐ N/A | Booking No.

CRIMINAL ☒ Without admitting guilt, I promise to appear on the court date listed above.
CIVIL ☐ Without admitting responsibility, I acknowledge receipt of this complaint.
X [signature]   Signature   Finger Printed ☐

I hereby certify that I have reasonable grounds to believe and do believe that the person cited herein committed the offense described herein contrary to law, and by signature, has promised to appear if so signed, and I have served a copy of this complaint upon the defendant.
Complainant/s: [signature] Timbre   Serial No. 6654
Issued on: DOV   Date   Serial No.

JO-171 Rev. 12/01

COURT.